PAUL S. BANALES, Esq.
PALMISANO LAW FIRM
110 South Church Avenue Suite 6426
Tucson, Arizona 85701
Phone No.: (520) 624-7800
Fax No.: (520) 903-9716
Ariz. Bar No. 4313
Pima Co. No. 2560
E-Mail: paul.banales@gmail.com

Attorney for Tony Alan Barker.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY ALAN BARKER,<br><br>Defendant. | CASE NO. CR09-02077-TUC-DCB(HCE)<br><br>**DEFENDANT'S WITHDRAWAL OF DEFENDANT'S OBJECTION; DEFENDANT'S SENTENCING MEMORANDUM** |

The Defendant, by and through counsel undersigned, hereby withdrawls his objection to Paragraph 18 (Offense Level Computations) of the Presentence Report and further submits his Sentencing Memorandum, as stated below:

**I. WITHDRAWL OF OBJECTION**

　A. **Paragraph 18 (Sadistic Acts):**

　　Defendant concedes that some of the images he possesed would be clasified as "sadistic" in nature (i.e. penile penetration of prepudesent children). Therefore, he withdraws his objection to the computations made in the Presentence Report regarding this issue.

　B. **Paragraph 17 (Distribution):**

　　Defendant concedes that two levels can be added to the base offense level for "distribution" based on the fact that other indivduals could have obtained child pornography by accessing Defendant's computer, although no one (other that the FBI) ever did and that the Defendant never intended to, or made any attempts to, share such pornography.

## II. SENTENCING GUIDELINES UNDER 18 U.S.C. § 3553(a).

### A. Defendant's Financial Situation:

As pointed out in Defendant's corrections to the Presentence Investigation Report, there are certain key assets that do not belong to the Defendant. For example, the $17,000.00 in cash do not belong to the Defendant. The case belongs to his wife, Sandra Barker as her sole and separate property. Also, the Risk-Free CD belongs to his wife as well. So the Defendant is not actually in a financial condition to pay any major or significant fine. Indeed, if he were ordered to pay a fine of $15,000.00, as recommended by the probation officer, it would consitute severe financial hardship. Therefore, the Defendant respectfully request that any fine, if imposed, be mininmal at best.

### B. The length of Prison to Be Imposed:

As the Government indicated in its Sentencing Memorandum, the Federal sentencing guidelines are now advisory in nature, requiring the court to give due consideration to the guidelines but permiting it to tailor the sentence in light of the statutory concerns outlined under 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). Among those statutory sentencing concerns are the (1) deterrent effect of any punishment imposed; (2) the need to protect the public for any further criminal activity; and (3) the need to provide the defendant with medical care, education and other correctional treatment (such as therapy and counseling). Defendant submits, for the reason stated below, that a sentence of 51-months in prison would achieve all of the goals and objectives outlined under § 3553(a).

The Defendant completely agrees with the Government's assessment of the seriousness and harmful effect of possessing child pornography. Defendant concedes that he has commited a very serious and egregious criminal act. However, in terms of the length of prison to be imposed, the Court should not only consider the nature and seriousness of the offense, but the Court should also give due consideration to the Defendant's character and how he has conducted himself throughout his life time.

As the Court knows, the Defendant has served in a law-enforcement type capacity for most of his career. He not only served in the United States Air Force but was also employed by the U.S. Customs Service for 23 years. Even after his service with U.S. Customs, he was employed as an instructor and trainer for the U.S. Department of Homeland Security. Throughout his career, he has received numerous commendations and awards for his performance of, and dedication to, his work. He has never previously been convicted of any type of criminal offense whatsoever. Up to this point, he has lead an exemplary life and has dedicated himself to serving his community and his family.

Admitedly, the Defendant, of all people, should have realized the consequences and seriousness of possesing child pornography. But that does not mean that he should automatically be punished more severely than other individuals who posses child pornography. It is noteworthty that the Defendant completely cooperated with law enforcement officials when they first contacted him and searched his home. He fully admitted to the FBI officials that he did possess child pornography. He fully cooperated with the FBI in the search of his home and did whatever he could to facilitate the investigation. It is also particularly noteworthy that the Defendant has completely admitted responsibility pursuant to his change of plea and is willing to accept the full consequences for such conduct.

In reviewing the psychosexual evaluation, there is no indication whatsoever that the Defendant has any sexual prefence for children. Nor is there any indication that he would touch or physically harm any child whatsoever. The test scores resulted in a low propensity for recidivism. The test scores further indicate that he is an excellent candidate for rehabilitation, treatment and therapy.

Defendant's conduct has not only been harmful to the children who were subjected to the acts displayed in the images, but also harmful to his family, close friends and relatives as well. This entire incident has devastated his family, including his wife and his children. Although there is obviously no comparison between the scars that are left with the children that are forced to engage in sexual conduct for purposes of child pornography, the fact remains that Defendant's

family, close friends and relatives would be permanently and adversely affected as well. A number of Defendant's family members or relatives have been employed in law-enforcement related jobs or in the military, and some of them continue to remain employed in such capacity. Indeed, the Defendant's older son, Tony Lee Barker, who bears his father's name, works for the U.S. Border Patrol in Virigina. He, in particular, suffers the consequences of his father's misconduct almost on a daily basis, in some form or another.

And yet, the Defendant has the love and support of his family, close friends and relatives. Without condoning his conduct, they are continuing to provide their support to the Defendant at this time. See letters of support submitted to the Court by separate cover letter dated July 29, 2010.

Defendant understands that he needs to be severely punished for his misconduct. He understands that he is going to prison for a long time. And he accepts full consequences of his conduct. Defendant is even willing to make restitution to any children identified in the images. The only thing that the Defendant can possibly ask is to have the Court consider all aspects of his life, and the work that he has done, in terms of determining the appropriate prison term. Defendant submits that a prison term of 51 months, followed by a lengthy term of supervised release, would be more than sufficent to achieve the goals and objectives outlined under §3553(a).

Accordingly, Defendant respectfully requests that the Court accept the terms of the plea agreement and impose a sentence of no more than 51 months in prison.

RESPECTFULLY SUBMITTED this 29th day of July, 2010.

                                    PALMISANO LAW FIRM

                                    By: /s/ Paul S. Banales
                                        PAUL S. BANALES
                                        Attorney for Defendant.

Copies e-filed with and transmitted to the following ECF registrants using the ECF system for filing and transmittal of Notice of Electronic Filing this 29th day of July, to:

Hon. David C. Bury, District Court Judge
United States District Court
405 W. Congress Street #6170
Tucson, Arizona  85701-5053

Ms. Carin C. Duryee, Assistant U.S. Attorney
United States District Attorney's Office
405 W. Congress, Suite 4800
Tucson, Arizona 85701

Mr. Glenn A. Parks, Probation Officer
United States Probation Department
405 W. Congress Suite 2400
Tucson, Arizona 85701