*UNITED STATES DISTRICT COURT*
**DISTRICT OF ARIZONA**

**United States of America**

   **v.**

**Tony Alan Barker**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

**No.  CR 09-02077-001-TUC-DCB(HCE)**

Paul Banales (Retained)
Attorney for Defendant

USM#: 56946-208

**THE DEFENDANT ENTERED A PLEA OF** guilty on 3/10/2010 to Counts 2, 3 and 4 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography, a Class C Felony offense, as charged in Count 2 of the Indictment; Title 18, U.S.C. §2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography, a Class C Felony offense, as charged in Count 3 of the Indictment; Title 18, U.S.C. §2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography, a Class C Felony offense, as charged in Count 4 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **SEVENTY TWO (72) MONTHS** on Counts 2, 3 and 4, said counts to run concurrently, with credit for time served.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE** on Counts 2, 3 and 4.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

   **SPECIAL ASSESSMENT:**  $300.00     **FINE:**  $5000.00     **RESTITUTION:**  $0

The defendant shall pay a total of $ 5,300.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: $100.00 due immediately, the balance is due in equal monthly installments of $100.00,  to commence 60 days after defendant's release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility  Program.  Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118.  Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c).  The total special assessment of $300.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 2, 3 and 4 of the Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **LIFE** on Counts 2, 3 and 4, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall provide the probation officer access to any requested financial information.

2. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

3. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

4. You shall not possess any materials containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2) or patronize any place where such material or entertainment is available. This includes use of the telephone for purposes of engaging in conversation concerning sexually explicit conduct.

5. You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

6. You consent to the search of your person and any property, vehicle, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of the probation officer. The consent includes the search and seizure of all computers, computer related devices, and the peripheral equipment, all data and/or images stored on hard disks, Zip Disks, floppy diskettes, CD ROMS, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable and separate from the actual computer device. However, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant by any probation officer in the lawful discharge of the officer's supervision functions, the above mentioned search can occur at any time and be accomplished by any law enforcement or probation officer.

7. You shall not have contact with any children under the age of 18 without prior written permission of the probation officer and shall report immediately but not later than eight hours to the supervising officer/designee, any unauthorized contact with any child.

8. You shall reside and actively participate in a residential re-entry center for up to 1 year or until discharged by the probation officer. This placement is to facilitate the defendant's transition into the community and to facilitate treatment for sexual deviance.

9. You shall maintain an appropriate appearance at all times which includes the wearing of undergarments, and appropriate outer clothing in the home or places where another person may reasonably expect to view you.

10. You shall not possess or use a computer with access to any "on-line computer service" at any location (including place of employment, educational facility or retail establishments) without the prior written approval of the probation officer. This includes any Internet Service Provider, electronic bulletin board system, internet relay chat channel, DCC chat, instant messaging, newsgroup, usergroup, peer-to-peer (e.g., Limewire, Bearshare, etc.), any site

based e-mail which provides some measure of anonymity (e.g., Hotmail, Gmail, Yahoo email), or any other public or private network or e-mail system. Further, at the approved residence where the defendant is ultimately ordered to reside upon release from incarceration and at a residential re-entry center, that there is either no computer with internet access at that residence or that the owner of such computer has consented to having internet monitoring software installed on such computer.

11. If computer use is authorized by the probation office, the defendant understands and agrees that using the computer for any purpose which might further sexual activity is strictly prohibited. Such use includes, but is not limited to, the following: possession of sexually explicit material in any form; sexually related chat or e-mail exchange, visiting or joining chat rooms which contain sexually explicit material or web sites; web sites that contain nudity or sexually explicit materials; downloading binary files; UUE files, MIMI files, AVI files, MPG files, Real Player files, Windows Media files, digital images in any format, text files, or multi-media material that is sexual in nature; and/or subscribing to usergroups, newsgroups, or list services which contain sexual materials.

12. If computer use is authorized in writing by the probation office, defendant agrees he is fully responsible for all material, data, images and information found on his computer at all times.

13. If computer use is authorized in writing by the probation office, defendant agrees that he shall be prohibited from using any form or encryption, cryptography, steganography, compression, password protected files and/or other method that might limit access to, or change the appearance of, data and/or images without prior written approval from the probation officer/designee. If, for work purposes, password protection is required on any system or files used by defendant, that defendant will provide the password immediately or upon receipt to the probation officer/designee. The defendant will keep any and all passwords that have been approved by the probation officer/designee current and make immediate notifications should any of the passwords change.

14. If computer use is authorized in writing by the probation office, defendant agrees that he shall be prohibited from avoiding the creation of, or altering or destroying records of computer use without the prior written authorization of the probation officer/designee. This includes, but is not limited to deleting or removing browser history data regardless of its age, the possession of software or items designed to boot into RAM kernals, alter or wipe computer media, defeat forensic software, or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or the reinstallation of operating systems.

15. If computer use is authorized in writing by the probation office, defendant will provide the probation officer/designee with a current list of all computer and computer related equipment used by him, including backup systems, and will keep this list current.

16. You shall not own, use or have access to the services of any commercial mail receiving agency, nor shall you open or maintain a post office box without the prior written approval of the probation office.

17. You shall participate in a program as approved by the U.S. Probation Office for the treatment and monitoring of sex offenders, including a requirement to submit to risk assessment including physiological testing which may include but is not limited to the ABEL Arousal/Screen, and periodic polygraph. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex offender assessment and treatment is to be conducted by a therapist(s) approved by the probation office, who will release all reports to the probation office.

18. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication and submitting to a psychological evaluation. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer.

19. You shall advise the probation office of any organizations for which you choose to volunteer, and make the organizations aware of your conviction.

20. You shall not obtain the services of a prostitute.

21. You shall be prohibited from possession or viewing certain materials related to, or part of, the grooming cycle of the crime of child pornography.  Such materials include, but are not limited to the following:  images related to your crime or similar crimes; images which depict individuals similar to your victims; stories written about or for individuals similar to your victim; materials focused on the culture of your victim.

22. You shall not frequent or loiter within 100 feet of schoolyards, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

23. You shall not date or socialize with anybody who has children under the age of 18 without prior permission of the probation officer.

24. You shall not reside with any children under the age of 18 without approval of the probation officer.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release.  The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**THE COURT FINDS** that the defendant has been sentenced in accordance with the terms of the plea agreement and that he has waived his right to appeal and to collaterally attack this matter.  The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant be placed in an institution in Arizona, near his family, secondary to any security issues that may pertain to this defendant.

Date of Imposition of Sentence:  **Monday, August 2, 2010**

DATED this 6th day of August, 2010.

_____
David C. Bury
United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____                By:_____
United States Marshal                                            Deputy Marshal