**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Tony Alan Barker,<br><br>        Defendant. | No. CR-09-02077-001-TUC-DCB(HCE)<br><br>**WAIVER AND ORDER**<br><br>**Modification of Supervised Release Conditions** |

I recognize that I have a statutory right under Rule 32.1, Federal Rules of Criminal Procedure, to assistance of counsel (appointed or retained) and a modification hearing in connection with:

☐ any modification of my conditions of probation. 18 U.S.C. 3563(c).

☒ any modification of my conditions of supervised release. 18 U.S.C. 3583(e).

I hereby voluntarily waive my right to retained and appointed counsel and statutory right to a hearing as indicated above, and agree to the following modification of my conditions:

1. You shall provide the probation officer access to any requested financial information.

2. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

3. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

4. You shall not knowingly or intentionally possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2). You will submit any records requested by probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

5. You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

6. You shall consent to the search of your person and any property, vehicle, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of the probation officer. The consent includes the search and seizure of all computers, computer related devices, and the peripheral equipment, all data and/or images stored on hard disks, Zip Disks, floppy diskettes, CD ROMS, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable and separate from the actual computer device. However, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant by any probation officer in the lawful discharge of the officer's supervision functions, the above mentioned search can occur at any time and be accomplished by any law enforcement or probation officer.

7. You shall not be in the company of or have contact with children who you know are under the age of 18. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party.

8. You shall not possess or use a computer with access to any "on-line computer service" at any location (including place of employment, educational facility or retail establishments) without the prior written approval of the probation officer. This includes any Internet Service Provider, electronic bulletin board system, internet relay chat channel, DCC chat, instant messaging, newsgroup, usergroup, peer-to-peer (e.g., Limewire, Bearshare, etc.), any site based on email which provides some measure of anonymity (e.g., Hotmail, Gmail, Yahoo email), or any other public or private network or e-mail system. Further, at the approved residence where the defendant is ultimately ordered to reside upon release from incarceration and at a residential re-entry center, that there is either no computer with internet access at that residence or that the owner of such computer has consented to having internet monitoring software installed on such computer.

9. If computer use is authorized by the probation office, the defendant understands and agrees that using the computer for any purpose which might further sexual activity is strictly prohibited. Such use includes, but is not limited to, the following: possession of sexually explicit material in any form; sexually related chat or e-mail exchange, visiting or joining chat rooms which contain sexually explicit material or web sites; web sites that contain nudity or sexually explicit materials; downloading binary files; UUE files, MIMI files, AVI files, MPG files, Real Player files, Windows Media files, digital images in any format, text files, or multimedia material that is sexual in nature; and/or subscribing to usergroups, newsgroups, or list services which contain sexual materials.

10. If computer use is authorized in writing by the probation office, defendant agrees he is fully responsible for all material, data, images and information found on his computer at all times.

11. If computer is authorized in writing by the probation office, defendant agrees that he shall be prohibited from using any form or encryption, cryptogrography, steganography, compression, password protected files and/or other method that might limit access to, or change the appearance of , data and/or images without prior written approval from the probation officer/designee. If, for work purposes, password protection is required on any system or files used by defendant, that defendant will provide the password immediately or upon receipt to the probation officer/designee. The defendant will keep any and all passwords that have been approved by the probation officer/designee current and make immediate notifications should any of the passwords change.

12. If computer use is authorized in writing by the probation office, defendant agrees that he shall be prohibited from using any form or encryption, cryptography, steganography, compression, password protected files and/or other method that might limit access to, or change the appearance of, data and/or images without prior written approval from the probation officer/designee. If, for work purposes, password protection is required on any system or files used by the defendant, that defendant will provide the password immediately or upon receipt to the probation officer/designee. The defendant will keep any and all passwords that have been approved by the probation officer/designee current and make immediate notifications should any of the passwords change.

13. If computer use is authorized in writing by the probation office, defendant agrees that he shall be prohibited from avoiding the creation of, or altering or destroying records of computer use without the prior written authorization of the probation officer/designee. This includes, but is not limited to deleting or removing browser history data regardless of its age, the possession of software or items designed to boot into RAM kernals, alter or wipe computer media, defeat forensic software, or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or the reinstallation of operating systems.

14. If computer use is authorized in writing by the probation office, defendant will provide the probation officer/designee with a current list of all computer and computer related equipment used by him, including backup systems, and will keep this list current.

15. You shall not own, use or have access to the services of any commercial mail receiving agency, nor shall you open or maintain a post office box without the prior written approval of the probation office.

16. You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

17. You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a

violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

18. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication and submitting to a psychological evaluation. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer.

19. You shall advise the probation office of any organizations for which you choose to volunteer, and make the organizations aware of your conviction.

20. You shall not obtain the services of a prostitute.

21. You shall be prohibited from possession or viewing certain materials related to, or part of, the grooming cycle of the crime of child pornography. Such materials include, but are not limited to the following: images related to your crime or similar crimes; images which depict individuals similar to your victims; stories written about or for individual similar to your victim; material focused on the culture of your victim.

22. You shall not frequent or loiter within 100 feet of schoolyards, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

_____  ____12/9/14____
Tony Alan Barker                    Date
Defendant

_____  ____12/9/2014____
Jimi M. Hernandez                   Date
Bureau of Prisons Case Manager

ORDER OF COURT

Considered and ordered this __22nd__ day of __December__, __2014__ and ordered filed and made a part of the records in the above case.

_____  ____December 22, 2014____
The Honorable David C. Bury          Date
Senior U.S. District Court Judge